FILED
CLERK, U.S. DISTRICT COURT

AUG 22 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHICOBY SUMMERS,<br><br>Defendant. | Case No. 23-MJ-4299<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On August 22, 2023, Defendant Chicoby Summers made his initial appearance in this district following his arrest on the petition for revocation of supervised release and warrant for arrest issued in the Western District of Kentucky on November 3, 2021. Deputy Federal Public Defender Lillian Chu was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Alexander Gorin. Defendant submitted on the recommendation of detention by Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

  ☒ allegations in the petition: while defendant was on release on conditions including location monitoring with an ankle monitor, in response to a supervised release petition alleging that defendant had possessed a firearm and traveled outside the district without permission, Defendant cut off the ankle monitor and was the passenger in a car that was involved in a police pursuit driven by another individual who was also on supervised release. Defendant's whereabouts have been unknown since that date and he has failed to report to his probation officer as required under the terms of his supervised release. In addition to the outstanding warrant for his arrest based on this incident, (issued on November 3, 2021), Defendant faces outstanding warrants for narcotics and firearms violations in 2021 and a failure to appear in 2020.

  ☒ unstable residential history – since his arrival in Los Angeles, defendant has been living with friends and in motel rooms.

  ☒ prior violations of supervised release and failures to appear

  ☒ At the time of his arrest, Defendant refused to leave his residence and took two hours to surrender to law enforcement authorities.

B.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any

2

other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ criminal history includes convictions for narcotics related offenses, receiving stolen property, and felon in possession of a firearm, and probation violations.

☒ allegations in the petition (see above)

☒ association with gang

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Western District of Kentucky.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Chu in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

Dated: August 22, 2023

                                                /s/
                                  ALKA SAGAR
                      UNITED STATES MAGISTRATE JUDGE